IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. ROSS | : | |
| | : | |
| V. | : | C.A. NO. 05-4430 |
| | : | |
| COMMONWEALTH OF PENNSYL-<br>VANIA and it Political Subdivision<br>City of Philadelphia and Employees<br>Polic. Dept. | : | |

WEINER, J.                                              September 19, 2005

## MEMORANDUM OPINION AND ORDER

Plaintiff David J. Ross has filed a complaint along with a motion to proceed in forma pauperis. For the reasons which follow, we grant the motion, but sua sponte dismiss the complaint as frivolous.

Ross filed a prior complaint in this court, styled Ross v. City of Philadelphia, C.A. No. 04-3340. In that complaint he sought to bring a civil rights action the City, the Police Department, the Philadelphia Parking Authority and an

individual police officer, arising from an incident that occurred on Interstate 95 in Philadelphia. Ross had been stopped for a traffic violation. The officer determined that Ross had a revoked driver's license and could not produce a valid registration for the vehicle he was driving. The vehicle, a 1992 Dodge Caravan, was impounded by the police and the Philadelphia Parking Authority. The complaint sought to enjoin the Parking Authority from disposing of the vehicle. After a hearing, we dismissed the complaint based on Ross's admission that he did not own the seized vehicle. Part of the record presented in that action was that Ross's license to drive has been revoked since 1982. His outstanding citations, as of the date of the hearing, totaled $5,732.50. There were an additional 67 outstanding citations totaling $12,952.00 recorded under an incorrect date of birth.

Ross's new complaint asserts that he was driving a vehicle on August 15, 2005 in the area of 4th and Olney Streets in Philadelphia when he was again stopped by police, apparently for making an illegal U-turn, and had his vehicle seized. He alleges he had a camcorder in the vehicle and switched it on to record the police encounter. When he could not produce identification, the officer directed him to get out of the vehicle and stand behind it. Ross alleges the officer reached into the vehicle, found the camcorder and turned it off. Ross was later permitted to reenter the vehicle, where he turned the camera back on and recorded his impressions of what transpired while he was out of the vehicle. Ross has appended the tape recording to

his complaint and made it a part thereof. There is no allegation that the camcorder or any property other than the vehicle Ross was driving were confiscated by the police officer.

The court has watched the tape and reviewed Ross's complaint. Based on the content of the tape and the allegations of the complaint, we find the complaint fails to state a claim as a matter of law. Nowhere in the complaint does Ross identify the exact nature of the claims he seeks to make. We assume he attempts to state a civil rights action against the defendants for again seizing his vehicle and/or for turning off his camcorder. Neither theory may proceed.

It was established in the prior proceeding that Ross's privilege to drive has been revoked. Under 75 Pa. Cons. Stat. Ann § 6309.2(a)(1) and (2), if a person operates a motor vehicle "while the person's operating privilege is suspended, revoked, canceled, recalled or disqualified" or "for which there is no valid registration," . . . "the law enforcement officer shall immobilize the vehicle. . ." The operator may appear before the "appropriate judicial authority" within 24 hours to get the vehicle released if he can show proof of registration and insurance and has a valid driver's license. Section 6309(b). In Philadelphia, the "appropriate judicial authority is the Philadelphia Traffic Court. Section 6309(e). Any vehicle not recovered is subject to be sold as an unclaimed vehicle. Section 6309(d)(2).

We find that Ross can make no colorable claim under the Civil Rights

Act that the seizure of his vehicle violated any federally protected right. Ross's privilege to drive has been revoked by the Commonwealth. Ross's decision to continue to drive, knowing that his privilege to drive is revoked, made him liable under the law to have any vehicle he was caught driving seized by the authorities. While he protested in his prior action that he "cannot get justice" at the Philadelphia Traffic Court, it is more correct to say that Ross simply will not accept the judgment of that court that it is illegal for him to drive. It may well be true, as Ross claims, "that every time he goes to Traffic Court they arrest him." But given his record of utter disregard of the motor vehicle laws of the Commonwealth, that is neither surprising nor violative of the civil rights laws.

      Neither can Ross state a claim based upon the officer's act of turning off the recording device. It is apparent from the videotape that Ross tried to surreptitiously record the officer. The camcorder was left running somewhere in the passenger compartment. It recorded a static, close up image of the interior, while also recording the audio of the conversation between the officer, Ross and his passenger. At no time did Ross tell the officer the conversation was being recorded. Under the Pennsylvania Wiretap Law, 18 Pa. Cons. Stat. Ann. § 5703, it is a felony in the third degree to intentionally intercept an oral communication. The officer's act of turning off a recording to which he did not consent after the officer discovered it in the car was not a violation of Ross's constitutional rights.

Finally, we add that the Commonwealth of Pennsylvania and the City of Philadelphia are not "persons" as that term is used in 42 U.S.C. § 1983.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. ROSS                                         :
                                                      :
                                                      :
                                                      :
         V.                                           :         C.A. NO. 05-4430
                                                      :
                                                      :
                                                      :
COMMONWEALTH OF PENNSYL-                              :
VANIA and it Political Subdivision                    :
City of Philadelphia and Employees                    :
Polic. Dept.                                          :

## **ORDER**

The motion of David J. Ross to proceed in forma pauperis is GRANTED.

The complaint of David J. Ross is DISMISSED as frivolous.

IT IS SO ORDERED.

_____
CHARLES R. WEINER